Gilberto Camacho JIMENEZ, et al., Plaintiffs,

v.

The UNITED MEXICAN STATES, et al., Defendants.

Civil Action No. 4:13–0834.

United States District Court, S.D. Texas, Houston Division.

July 24, 2013.

Patrick L. Beam, Huerta Guerra Beam PLLC, Corpus Christi, TX, for Plaintiffs.

Cristina Guerrero, Jacob M. Monty, Monty & Ramirez LLP, Houston, TX, for Defendants.

### *MEMORANDUM AND ORDER*

NANCY F. ATLAS, District Judge.

This employment law case is before the Court on the Motion to Dismiss [Doc. # 7] ("Motion") filed by Defendants United Mexican States, Carlos Garcia Delgado,

the Consulate General of Mexico, and Norberto Saul Terrazas–Arreola's (collectively, "Defendants"). The Motion is ripe for consideration.[1] Having reviewed the full record and applicable legal authorities, the Court **grants in part and denies in part** Defendants' Motion to Dismiss.

## I. BACKGROUND

On December 28, 2012, Plaintiffs Gilberto Camacho Jimenez, Ana Bertha Rodriguez, and Candido Soto Velazquez (collectively, "Plaintiffs") filed an Original Petition [Doc. # 1–1] in the 152nd Judicial District Court of Harris County, Texas. *See* Original Petition, at 1; Notice of Removal [Doc. # 1], at 2. On January 25, 2013, Plaintiffs filed a First Amended Original Petition ("Amended Petition") [Doc. # 1–2]. Plaintiffs allege that "[t]he separations, terminations, constructive terminations and/or failure to keep [the Plaintiffs employed] by the Defendants constitutes negligence, negligence per se, gross negligence and/or breach of contract and/or implied contract. . . ." Amended Petition, at 4. On March 25, 2013, Defendants filed a "Special Appearance Objecting to Personal Jurisdiction" [Doc. # 1–3] and removed the case to federal court. *See* Notice of Removal, at 1, 4.

## II. ANALYSIS

Defendants in the Motion argue that they each are "foreign states" under the Foreign Sovereign Immunities Act of 1976 (the "FSIA" or the "Act"), 28 U.S.C. §§ 1602–1611, and therefore Plaintiffs' claims should be dismissed: (1) for lack of subject matter jurisdiction (FED. R. CIV. P. 12(b)(1)); (2) for lack of personal jurisdiction (FED. R. CIV. P. 12(b)(2); (3) because

process was insufficient (FED. R. CIV. P. 12(b)(4)); and (4) because service of process was insufficient (FED. R. CIV. P. 12(b)(5)). Plaintiffs have not responded to the Motion.

### A. Application of the FSIA

As a preliminary matter, Defendants contend that the FSIA applies to each of them because they are "foreign states" as defined by the Act. Memorandum in Support of Defendant's Motion to Dismiss [Doc. # 8] ("Mem."), at 10–12. Despite the absence of Plaintiffs' opposition, *see* S.D. TEX. LOC. R. 7.4, the Court cannot grant the motion as to the individual Defendants. The law is clear that only the United Mexican States and the Consulate General of Mexico constitute foreign states under the FSIA.

A "foreign state" is defined by the Act as including "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An "agency or instrumentality of a foreign state" is:

any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

■ As a foreign nation, the United Mexican States constitute a foreign state

---

**1.** Plaintiffs have not responded to the Motion to Dismiss, and the time to do so has passed.

*See* S.D. TEX. LOC. R. 7.3.

under the FSIA. *See* 28 U.S.C. § 1603. Similarly, "[s]ince the [Consulate General of Mexico] is a separate legal person, it is a 'foreign state' within the meaning of the FSIA." *Gerritsen v. Consulado General De Mexico,* 989 F.2d 340, 345 (9th Cir.1993) (citing *Joseph v. Office of Consulate General of Nigeria,* 830 F.2d 1018, 1027 (9th Cir.1987); *see generally Box v. Dallas Mexican Consulate General,* 487 Fed. Appx. 880 (5th Cir.2012) (unpublished) (applying the FSIA to the Dallas Mexican Consulate General)).

■■■ Officials acting on behalf of a foreign state are not included in the FSIA's definition of a foreign state. *Samantar v. Yousuf,* 560 U.S. 305, 130 S.Ct. 2278, 2289, 176 L.Ed.2d 1047 (2010). Norberto Saul Terrazas–Arreola ("Terrazas–Arreola") is the current General Consul of Mexico. Carlos Garcia Delgado ("Garcia Delgado") is the former General Consul of Mexico. Accordingly, neither Terrazas–Arreola nor Garcia Delgado falls within the FSIA's definition of a "foreign state," and the FSIA does not apply to Terrazas–Arreola and Garcia Delgado.[2]

The FSIA, therefore, does not govern the Court's subject matter or personal jurisdiction over Terrazas–Arreola or Garcia Delgado or the manner in which they must be served with process. Because provisions of the FSIA are the sole bases for Defendants' Motion, the Court denies the Motion as it pertains to Terrazas–Arreola and Garcia Delgado.[3]

### B. *Rule 12(b)(1)—Subject Matter Jurisdiction*

The Court turns to Defendants' arguments for dismissal under the FSIA. Defendants first argue that under the Act, the Court lacks subject matter jurisdiction over Plaintiffs' claims. Mem., at 14–16. Having concluded that the United Mexican States and the Consulate General of Mexico are "foreign states" under the FSIA, the Court considers these contentions with respect to the United Mexican States and the Consulate General of Mexico.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. U.S.,* 560 F.3d 381, 386 (5th Cir.2009). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.* The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir.2008).

---

**2.** Defendants do not brief, and the Court accordingly does not address, whether Defendants Garcia Delgado and Terrazas–Arreola assert a basis for immunity other than the FSIA, such as Article 43 of the Vienna Convention on Consular Relations. *See Politis v. Gavriil,* No. H–08–2988, 2008 WL 4966914, at *4–7 (S.D.Tex.2008) (Rosenthal, J.) ("While the immunity of consular officials is determined by the Vienna Convention, disputes with a foreign consulate are governed by the Foreign Sovereign Immunities Act (FSIA)." (citing *Joseph,* 830 F.2d at 1027)).

**3.** The Court notes that it has original jurisdiction in all civil actions and proceedings against consuls and vice consuls of foreign states. 28 U.S.C. § 1351.

■ The FSIA provides the sole source of subject matter jurisdiction and personal jurisdiction over a foreign state. *Dale v. Colagiovanni*, 443 F.3d 425, 427–28 (5th Cir.2006) (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434–39, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989)); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 845–46 (5th Cir. 2000). A district court, therefore, only has subject matter jurisdiction over a foreign state if one of the FSIA exceptions apply. 28 U.S.C. § 1604; *Dale*, 443 F.3d at 428 (quoting *Byrd v. Corporacion Forestal y Industrial De Olancho S.A.*, 182 F.3d 380, 388 (5th Cir.1999)). The Fifth Circuit has held that:

> although a party claiming FSIA immunity retains the ultimate burden of persuasion on immunity, it need only present a prima facie case that it is a foreign state; and, if it does, the burden shifts to the party opposing immunity to present evidence that one of the exceptions to immunity applies.

*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 847 (5th Cir.2000) (citations omitted).

■ Plaintiffs do not allege or provide any evidence that any the FSIA exceptions found in 28 U.S.C. §§ 1605–1607 apply. The Court concludes that none do.[4] Accordingly, the Court lacks subject matter jurisdiction over the United Mexican States and the Consulate General of Mexico. Defendant's Motion to Dismiss is granted as to those Defendants.

### C. Federal Rule of Civil Procedure 12(b)(5)

■ The Court also concludes that Defendants were not properly served with process under the FSIA. Foreign governments and their political subdivisions must be served in strict compliance with the provisions of the FSIA. 28 U.S.C. § 1608; *Magness v. Russian Federation*, 247 F.3d 609, 613, 615–16 (5th Cir.2001). "The provisions for service under section 1608 are hierarchical, such that a plaintiff must attempt the methods of service in the order they are laid out in the statute." *Magness v. Russian Federation*, 247 F.3d at 613. First, if a "special arrangement for service" exists between the plaintiff and the foreign state or political subdivision, service of process is made "by delivery of a

---

4. Section 1605's first exception to FSIA immunity does not apply because Plaintiffs have not asserted, and there is no evidence, that Mexico "has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). The second exception does not apply because the case is not based upon a commercial activity of the Mexican government. 28 U.S.C. § 1605(a)(2). The third exception does not apply because the action does not relate to the expropriation of property located in the United States. 28 U.S.C. § 1605(a)(3). The fourth exception does not apply because the action does not relate to "rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States." 28 U.S.C. § 1605(a)(4). The fifth exception does not apply because the action does not relate to litigation in which monetary damages are sought for "personal injury or death, or damage to or loss of property" that were caused by a tortious act or omission. 28 U.S.C. § 1605(a)(5). The sixth exception does not apply because the action does not relate to the enforcement of an arbitration agreement. 28 U.S.C. § 1605(a)(6). The exemptions in section 1605(b) and (d) do not apply because the case does not involve admiralty or a mortgage, respectively. 28 U.S.C. § 1605(b, d). The exceptions in section 1605A do not apply because the case does not involve "personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act...." 28 U.S.C. § 1605A. The exceptions in section 1607 do not apply because this is not a case brought by a foreign state or a case in which a foreign state intervened. 28 U.S.C. § 1607.

copy of the summons and complaint" in accordance with that agreement. 28 U.S.C. § 1608(a)(1). Second, "if no special arrangement exists, [service of process is made] by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). If service cannot be made under either of those methods, the plaintiff must send:

> a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned[.]

28 U.S.C. § 1608(a)(3). If service cannot be made through the head of the ministry of foreign affairs within thirty days, the plaintiff must send:

> two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services-and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(4).

Here, Defendants assert that no special arrangement exists and no international convention governing service is applicable. Plaintiff has made no allegation, and offered no evidence, to the contrary. Accordingly, to serve the United Mexican States, Plaintiffs were required to attempt service on the head of the Mexican Ministry of Foreign Affairs. *See* 28 U.S.C. § 1608(a)(3); *Magness,* 247 F.3d at 613. If service could not be made through the Mexican Ministry of Foreign Affairs within thirty days, Plaintiffs could resort to service through the State Department. *See* 28 U.S.C. § 1608(a)(4); *Magness,* 247 F.3d at 613. Plaintiffs did neither. *See* Certificate of Service [Doc. # 7–1], at 1–2. Accordingly, the United Mexican States and the Consulate General of Mexico were not properly served.[5] Defendants' Motion to Dismiss is granted as to these two Defendants.

### III. *CONCLUSION*

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 7] is **GRANTED in part** as to Defendants the United Mexican States and the Consulate General of Mexico. The claims against the United Mexican States and the Consulate General of Mexico are **DISMISSED with prejudice.** It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 7] is **DENIED in part without prejudice** regarding Defendants Norberto Saul Terrazas–Arreola and Carlos Garcia Delgado.

---

**5.** The Court declines to address Defendants' other arguments. None of these arguments would result in dismissal of Defendants Terrazas–Arreola and Garcia Delgado. The provi-sions of the FSIA do not apply to them because, as noted in Section II.A above, these Defendants do not fit within the definition of a "foreign state" under the FSIA.